## 29084. DAVIS *v.* SMITH.

DECIDED DECEMBER 4, 1941.

*Carl T. Hudgins,* for plaintiff.  *C. L. Redman,* for defendant.

BROYLES, C. J.  W. M. Davis sued S. J. Smith on a negotiable promissory note.  A verdict in favor of the defendant was returned, Davis's motion for a new trial was denied, and that judgment is assigned as error.  The petition alleged that the note was past due and unpaid, and that the plaintiff was a bona fide holder thereof for value and before maturity.  The note was attached as an exhibit to the petition.  The defendant executed the note and E. L. Love was the payee therein.  The particular consideration for the making of the note did not appear therein, it being merely recited that the promise to pay was "for value received."  The defendant's main defense to the suit was based upon the following alleged facts: that the note was given to E. L. Love for a certain number of cherry trees sold to defendant by Love; that Love told defendant that the trees were especially adapted to the climate of Butts County, Georgia, and would within a short time produce a large quantity of cherries and bring a large net income to the defendant; that Love, at the time of making such statements, knew that said trees were not adapted to the climate of Butts County, Georgia, and would not live and bear cherries there, and that the trees were worthless.  The defendant also denied that the plaintiff was a bona fide holder of the note for value and before maturity.

Conceding but not deciding that the court's ruling upon the demurrers to the answer, and upon the motions to strike the original answer and the amendment thereto, were not error, we think that the court erred in overruling the general grounds of the motion for new trial.  The note was negotiable on its face, and its execution was admitted by the defendant.  Possibly, the evidence would have showed a good defense if Love had brought suit on the note, but here the evidence demanded a finding that the plaintiff Davis was a bona fide holder of the note for value and before maturity.  Davis and Love both testified positively that

Davis was such a holder, and the slight circumstantial evidence relied on by the defendant to contradict their testimony is utterly insufficient to do so.

The evidence demanded a verdict for the plaintiff, and the denial of a new trial was error. The special grounds of the motion for new trial are not considered.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*